IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


| | | |
|---|---|---|
| RANDALL R. LIBERTO, #1305794 | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv89 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Randall R. Liberto filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties consented to proceed before United States Magistrate Judge Don D. Bush in this case in accordance with the provisions of 28 U.S.C. §636( c).

## Background

Petitioner is complaining about his Lamar County conviction for possession of a controlled substance. Cause Number 20383. After pleading "not guilty," a jury found him guilty on April 26, 2005, and found two prior felony convictions as enhancements to be true. The jury sentenced him to life imprisonment. On June 13, 2006, the Sixth Court of Appeals affirmed the conviction and sentence. *Liberto v. State*, No. 06-05-00122-CR (Tex. App. – Texarkana 2006) (unpublished). He did not file a petition for discretionary review (PDR). However, on June 6, 2007, Petitioner filed an application for state writ of habeas corpus, which was ultimately denied based on the trial court's findings following a hearing. *Ex parte Liberto*, Application No. 68,004-01. Petitioner filed the present federal petition, alleging twenty-three grounds for relief:

      1.      His traffic stop was not supported by probable cause;

2. His trial counsel was ineffective when he:

    a. failed to investigate the facts and law surrounding his case;

    b. failed to call or interview witnesses;

    c. failed to object to the admission and exclusion of evidence;

    d. failed to object to a "tainted" jury pool;

    e. failed to properly confront/impeach the State's witnesses;

    f. failed to object to the used of a "tainted" video;

    g. failed to request a jury shuffle; and

    h. opened the door to testimony concerning the profile of a drug courier;

3. The prosecutor withheld *Brady* evidence;

4. The indictment was "constructively amended" through the State's introduction of expert testimony regarding the profile of a drug dealer and the street value of the substance he was convicted of possessing;

5. The trial court erred when it:

    a. denied his requests for new counsel;

    b. threatened to bind and gag him;

    c. allowed a "tainted" jury pool;

    d. denied a motion to suppress evidence that was obtained in an unconstitutional search;

    e. allowed the "constructive amendment" to the indictment;

    f. failed to instruct the jury as to why Petitioner remained in handcuffs during voir dire;

g.	overruled his objection to the chain of custody; and

h.	did not provide proper notice of the trial;

6.	The prosecutor engaged in misconduct by:

a.	making reference to Petitioner's failure to testify;

b.	making improper remarks about Petitioner; and

c.	introducing evidence regarding the profile of a drug dealer; and

7.	The jury was not impartial.

The Government filed a Response, asserting that Petitioner's issues are without merit. Petitioner filed a Reply to the Government's Response.

## Statement of the Case

The opinion from the Sixth Court of Appeals summarizes the facts of this case:

On or about July 7, 2004, Officer J. D. Simmons of the Paris Police Department responded to a call from the operator of a local convenience store regarding an automobile leaving the store without paying for gasoline. As Simmons was talking with the clerk of the convenience store, Liberto drove back to the store to ask for directions to Oklahoma City. He was identified by the store operator. Liberto stated he thought his brother had paid for the gasoline. Liberto then paid for the gasoline and left, as the store operator did not wish to prosecute. Simmons noticed that Liberto had slightly slurred speech, but at that time, did not detect an odor of an alcoholic beverage. As Liberto left the parking lot, he drove his vehicle in front of another vehicle and almost caused an accident. Simmons then stopped Liberto based on his suspicion that he was impaired. Simmons asked Liberto if he had been drinking any alcohol, to which he responded, "[N]o, you can look around in the car." Simmons looked into the interior of the vehicle and found a red cooler in the back seat with open containers of vodka and Kahlua, an unopened bottle of champagne, and three empty beer cans. When asked about the alcohol found in the vehicle, Liberto responded that there was no alcohol in the car, but it was in the trunk, and that he and his brother had been sharing the alcohol on their trip from El Paso. Simmons then conducted field sobriety tests of Liberto. After completing the sobriety tests, Simmons concluded Liberto had lost the normal use of his mental and physical faculties by the consumption of alcohol and placed him under arrest. Officer Brent Brown responded to Simmons' request for assistance. Brown assisted in searching the

vehicle passenger compartment and observed a seat and panel were pulled up, which appeared to be suspicious. Beneath the back seat, Brown found a plastic baggie taped with brown tape, which contained a substance determined to be Alprazolam, commonly known as Xanax. Even though Liberto's brother was a passenger, the vehicle could not be released to him because he did not have a driver's license. A wrecker was called to tow Liberto's automobile. The officers testified they performed an inventory search of the vehicle. The trunk of the vehicle was opened by depressing a button in the glove compartment. Inside the trunk, two additional baggies were discovered packaged in the same manner as that found underneath the back seat of the vehicle. A chemist identified the substance in the baggies as Alprazolam, or Xanax. The substance, comprised of approximately 1,500 tablets, weighed a total of 381.90 grams.

*Liberto*, No. 06-05-00122-CR, slip op. at 1-2.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application denied without written order by the Texas Court of Criminal Appeals, as

in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Initially, the Court notes that Petitioner's issues are listed without argument or cites to legal authority. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982). They appear to be a restatement of his issues presented in his state habeas petition. He has failed to attempt to show how the state court's denial of his claims is contrary to Supreme Court case law. He has not produced Supreme Court precedent with facts materially indistinguishable from those in his case where the Supreme Court has arrived at an opposite conclusion from that of the state habeas court. Petitioner has not attempted to show that the state habeas outcome was based on an unreasonable determination of the facts of his case, or that the outcome was contrary to, or an unreasonable application of Supreme Court law as required by 28 U.S.C. § 2254. However, in the interest of justice, his issues will be briefly discussed.

<u>Fourth Amendment Violation</u>

Petitioner asserts that the traffic stop and subsequent search of his vehicle were not supported by probable cause. However, the Supreme Court has held that federal courts have no authority to review a state court's application of Fourth Amendment principles in habeas corpus proceedings unless the petitioner was denied a full and fair opportunity to litigate his claims in state court. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed.2d 1067 (1976). Petitioner filed a motion to suppress, a hearing was held, and his motion was denied. He then challenged the issue

6

on direct appeal, which the appellate court found to be without merit. He also presented the claim in his state habeas corpus proceedings where a hearing was held, and the writ was ultimately denied. Petitioner was not foreclosed from litigating his claim in state court; accordingly, this Court may not review it. *Id*.

Ineffective Assistance of Counsel

Petitioner alleges that his attorney was ineffective based on numerous instances.

Legal Standard

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege,

prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Failure to investigate

Petitioner first asserts that he is entitled to relief because trial counsel failed to investigate the facts and law surrounding his case. A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). In this case, Petitioner offers no specific instance of what investigation his counsel failed to conduct or what the result would have been had he conducted a more thorough investigation. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is meritless.

Failure to call or interview witnesses

Petitioner also asserts that his trial counsel was ineffective for not calling or interviewing witnesses. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence

of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In the instant case, Petitioner failed to identify any potential witnesses whom trial counsel should have called or interviewed. Moreover, the state habeas court considered this issue and found that counsel's performance was not deficient. It found that trial counsel and his investigator "thoroughly investigated all factual and legal issues pertaining not only to . . . guilt or innocence, but also mitigating evidence for punishment." *Ex parte Liberto*, application No. 68,004-01, at *510. The state habeas court noted that Petitioner had requested that his attorney contact two witnesses. After locating the first witness, counsel learned that Petitioner had instructed the witness to lie, which the witness was unwilling to do. Failure to call this witness does not constitute deficient performance. The state habeas court found that trial counsel was unable to locate the second potential witness after exerting diligent efforts. In sum, Petitioner has failed to show that had counsel investigated to the extent Petitioner asserts was appropriate, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable, and they would have been willing to testify

on Petitioner's behalf.  *Alexander*,  775 F.2d at 602; *Gomez*, 734 F.2d at 1109-10.  (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984).  He has also failed to show that trial counsel's decision was not reasoned trial strategy when he chose not to call the witness to testify.   Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy.   Further, he has not provided affidavits of the uncalled witnesses or shown that the uncalled witnesses would have appeared and testified favorably at trial. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.  Petitioner has failed to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068.   Furthermore, Petitioner has not rebutted the deference afforded to the state court's findings. *Valdez*, 274 F.3d at 947.  Nor has he shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Failure to Object

  Petitioner next claims that he is entitled to relief because trial counsel failed to object to inadmissible and prejudicial statements made by the prosecutor.   These comments are identified in his prosecutorial misconduct claim as well.   Additionally, he complains that trial counsel failed to object to inadmissible evidence.

  A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection

cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2066.

Failure to object - Questioning of Officer Simmons

Petitioner first complains about the prosecutor's questioning of Officer Simmons. In conjunction with questioning the officer concerning the results of the vehicle search, the prosecutor said, "We saw on the video [Petitioner] kind of shrugged his shoulder like, 'I didn't realize those were there.'" The video to which the prosecutor references was one from the in-car recording from Officer Simmons's patrol vehicle. The recording was shown to the jury moments before the prosecutor's remarks. The prosecutor was simply summing up Petitioner's physical reaction when he learned that the officer had discovered alcohol in his vehicle. However, Petitioner has failed to show that the failure to object was deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Next, Petitioner asserts that his trial counsel was ineffective for failing to object to the

prosecutor's misconduct when the prosecutor asked Officer Simmons whether it was "a little bit unusual" for a suspect to be stopped and then ask to be released by the officer because he wanted to go to Oklahoma. However, he has failed to show how the failure to object to this evidence was deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

Failure to object - Questioning of Officer Brown

The last two complaints allege ineffective assistance of counsel when counsel failed to object to improper remarks that occurred during the questioning of Officer Brown, who was the second officer to arrive during the stop on Petitioner. The remarks are almost identical. After the officer indicated that Paris, Texas, was not in the pathway of the typical route from El Paso, Texas, to Oklahoma City, Oklahoma, the prosecutor asked him if a stop in Paris was "suspicious" for someone claiming that they were traveling this route. The officer replied, "Kind of odd." The second remark about which Petitioner complains came after the officer stated that Petitioner told him that his reason for his trip to El Paso was to "be with some Mexican girls." The prosecutor again asked if Petitioner's presence in Paris was "still suspicious." The officer affirmed that it was suspicious behavior. Again, Petitioner has failed to show how the failure to object to this evidence was deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Finally, the state habeas court considered these complaints and found them to be without merit. *Ex parte Liberto*, Application, No. 68,004-01, at cover. It found that the "State never

attempted to introduce inadmissible or highly inflammatory evidence during trial." *Id*. As such, any objections to the remarks would have been futile, and counsel cannot be considered ineffective for failing to make futile objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Additionally, Petitioner has wholly failed to identify any other evidence that would have been inadmissible. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In sum, Petitioner has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. He has also failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. These issues are without merit.

Failure to object - "tainted" jury pool

Petitioner next claims that trial counsel was ineffective for failing to object to a "tainted" jury pool.

The record indicated that, while being questioned by the prosecutor during voir dire, venire member number 23 stated, "I'm not trying to be facetious here, but he looks guilty to me." Petitioner's trial counsel had instructed the jury pool on the presumption of innocence. He then asked whether anyone on the panel could not follow the law with regard to this presumption. This conversation ensued:

| Juror: | Just when I walked in. I mean before we even got to his part. It wasn't me, it was a group of us. But that's something different. It was just how he carried [himself] and looked. |
|---|---|
| Counsel: | Just sort of a general conclusion based upon everything you saw? |
| Juror: | Yeah. And I know that's not right but that's how I feel about it. |
| Counsel: | Anybody else have the same feeling as number 23? Okay. I'm going to need to challenge you for cause. |
| The Court: | Number 23, I'm going to excuse you. Thank you for speaking up. I appreciate it. |

Although juror number 23 said that "it was a group of us," the record shows that no other jurors shared her views. No objections were made. The juror was then struck for cause, eliminating the possibility of bias that could have resulted from her presence on the jury. Internal influence by a juror on a jury panel does not give rise to a presumption of prejudice. *Drew v. Collins*, 964 F.2d 411, 415 (5th Cir. 1992), *cert. denied*, 509 U.S. 925, 113 S. Ct., 3044, 125 L. Ed. 2d 730 (1993). The petitioner must demonstrate that jury misconduct prejudiced his constitutional right to a fair trial. *Id*. Petitioner has failed to show that any jury panel member was biased other than number 23. Accordingly, trial counsel's failure to object to an entire "tainted" jury pool is not deficient performance. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Moreover, the state habeas court found that Petitioner's trial counsel was effective in striking juror number 23 and then using that juror as an example for other potential jurors. *Ex parte Liberto*,

Application No. 68,004-01, at *511. The state habeas court noted, "no other potential juror admitted to discussing the case [with] any other potential juror nor had any other potential juror decided that [Petitioner] looked guilty." *Id*. Any objection would have been futile. *Koch*, 907 F.2d at 527. Petitioner has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Failure to properly confront or impeach witnesses for the State

Petitioner next claims that trial counsel was ineffective for failing to effectively confront the State's witnesses by impeaching them with their prior inconsistent statements. However, he wholly fails to indicate which witnesses trial counsel should have impeached. He also fails to indicate the allegedly inconsistent statements. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Furthermore, the state habeas court found that Petitioner's trial counsel "effectively cross examined the State's witnesses in a manner that was consistent with [Petitioner's] defensive theories . . . ." *Ex parte Liberto*, Application No. 68,004-01, at *511. Petitioner has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03,

120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Failure to object to use of the "tainted" video

Petitioner claims that trial counsel was ineffective for failing to object to the use of a "tainted" video showing his traffic stop. He states that the video was altered in some manner, but fails to provide any details concerning in what ways it was altered. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Furthermore, the state habeas court found that the "traffic stop tape offered by the State was not tampered with or altered in any manner." *Ex parte Liberto*, Application No. 68,004-01, at *512. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. Nor has he shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Failure to request a jury shuffle

Claiming that the entire jury panel had formed an opinion as to his guilt, Petitioner contends that trial counsel was ineffective for failing to request a jury shuffle. However, as discussed above, Petitioner has not shown that the entire jury panel was "tainted." Accordingly, trial counsel cannot

be considered ineffective for failing to request a jury shuffle. Furthermore, the state habeas court found that trial counsel "was effective in voir dire and had no reason to ask for a shuffle after jury selection began . . . " *Ex parte Liberto*, Application No. 68,004-01, at *511. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. Finally, he has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Opening the door for expert testimony concerning a drug courier

Petitioner asserts that his trial counsel was ineffective by opening the door for expert testimony to be presented concerning the profile of a drug courier.

Petitioner was charged and convicted of possession of a controlled substance. The record shows that Officer Stone testified that the amount of drugs found in Petitioner's car, along with the fact that he was traveling from El Paso, Texas, to Moore, Oklahoma, indicated that he was a "mule" or a drug courier. Outside the presence of the jury, the trial court held a hearing to determine the admissibility of this evidence. Because the testimony was relevant to establishing Petitioner's motive in possessing 1500 pills of a prescription drug, it was deemed admissible. *See* Fed. R. Evid.

401 ("relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence). Accordingly, the trial court appropriately allowed the testimony. *Id*.

Moreover, the question presented – whether the prescription drug was legal for purchase in Mexico – was posed to establish and substantiate Petitioner's purchase of the drug for his personal consumption in order to "maintain regularity." Even if it could be considered deficient performance, Petitioner has failed to establish that the question was not part of trial strategy. Furthermore, the state habeas court found that trial counsel "did not open the door for evidence related to a drug courier. Such evidence would have been admissible based on the facts of this case." *Ex parte Liberto*, Application No. 68,004-01, at *511. Admissibility of evidence is founded upon state law, and Petitioner has not shown a violation of a federal constitutional right. Petitioner has failed to meet his burden under *Strickland* and he has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

### *Brady* Violation

Petitioner alleges that his conviction was obtained through the prosecutor's unconstitutional failure to disclose favorable evidence to him before the date of his trial. He specifically argues that the State suppressed the results of a breathalyser test, which he claims would have shown that he was not intoxicated at the time of his arrest.

<u>Legal Standard</u>

In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a petitioner show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector*, 120 F.3d at 558. The state does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562. When alleged in habeas corpus proceedings, such conduct is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). To

19

be considered a due process violation, the misconduct must be of "sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987). A trial will not be deemed fundamentally unfair unless "there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Barrientes*, 221 F.3d at 753.

Petitioner has offered no evidence that a breathalyser test was given to him. He has presented no evidence that, if he did submit to a breathalyser test, the results of the test were withheld from him. He has presented a completely conclusory claim with no facts or evidence in support, and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner has failed to show that the prosecution suppressed evidence, that the evidence was favorable, that the evidence was material either to guilt or punishment, and that nondiscovery of the allegedly favorable material evidence was not the result of a lack of due diligence. *Derden*, 938 F.2d at 617. Even if there had been favorable results of a breathalyzer, it would be meaningless as Petitioner was charged with possession of a controlled substance – not DUI. His issue is without merit.

<u>Trial Court Errors</u>

Petitioner asserts in numerous instances that the trial court committed error in his case. Trial court errors must do more than affect the verdict to warrant relief in habeas cases – it must render the trial as a whole fundamentally unfair. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). To determine whether an error by the trial court rendered the trial fundamentally unfair, it must be determined if there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). The United States Supreme Court has held that a federal harmless error standard applies on federal habeas review of

state court convictions. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993). The test is whether the error had "substantial and injurious effect" or influence in determining the jury's verdict. *Id.* at 637. Habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice. *Id.* Habeas petitioners may not prevail in a federal habeas action simply by showing a violation of state law – they must show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5ᵗʰ Cir. 1987).

Trial court's denial of requests for new attorney

Petitioner first claims that the trial court committed error by repeatedly denying his requests for a new attorney. The right of counsel of choice does not extend to those who require counsel be appointed for them. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557, 165 L. Ed.2d 409 (2006). Additionally, even where counsel is retained, there is no absolute and unqualified right to counsel of choice. *United States v. Silva,* 611 F.2d 78, 79 (5ᵗʰ Cir. 1980). Further, the freedom to have counsel's of one's own choosing may not be used for purposes of delay. *Id.*

A review of the record reveals that Petitioner requested a new attorney before the start of voir dire. He then requested new counsel on the day of trial. He offered no valid arguments for his requests, stating only that his attorney had not met with him enough and was not prepared. The record shows that the real motive behind his request for new counsel was to obtain a continuance. Accordingly, the trial court was not in error in denying his requests. *Id.* Moreover, the state habeas court examined this issue and found that Petitioner's "actions prior to jury selection were a conscious effort on his part to delay the trial, disrupt the proceedings, and avoid prosecution for this offense." *Ex parte Liberto*, Application No. 68,004-01, at *512. Petitioner has failed to rebut the presumption

of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has failed to show that the trial court's decision not to appoint new counsel rendered the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168.

Trial court's threat to bind and gag Petitioner

Petitioner next claims that the trial judge erred by threatening to bind and gag him. A review of the record shows that the judge did warn him of such action when he repeatedly refused to cooperate with the court's requests. However, there is no evidence, nor does Petitioner allege, that the judge followed through with his threats. Even if he had, the Supreme Court has held that it is permissible for a trial judge to bind and gag a disruptive defendant. *See Illinois v. Allen* , 397 U.S. 337, 343-44, 90 S. Ct. 1057, 1061, 25 L. Ed.2d 353 (1970). Moreover, the state habeas court found that Petitioner's pre-jury selection behavior was "verbally abusive," "aggressive," and "disrupt[ive]." *Ex parte Liberto*, Application No. 68,004-01, at *511-12. Petitioner has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Trial court's failure to strike entire jury pool

Petitioner next asserts that the trial court erred by not striking the entire "tainted" jury pool. This issue has already been discussed as it pertained to his ineffective assistance of counsel claim.

The juror who was biased was struck for cause. None of the other jurors stated that they felt the same as juror number 23 felt. Furthermore, the state habeas court found that "no other potential juror admitted discussing the case [with] any other potential juror nor had any other potential juror decided that [Petitioner] looked guilty." *Ex parte Liberto*, Application No. 68,004-01, at *511. Petitioner has failed to show that the trial court's decision not to strike the entire jury pool rendered the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168. He has failed to show that the state habeas court's determination was unreasonable. This issue is meritless.

Trial court's denial of Petitioner's motion to suppress

Petitioner claims that the trial court improperly denied his motion to suppress evidence obtained during the initial traffic stop. However, as discussed above, Petitioner was provided a full and fair litigation at the state level on his Fourth Amendment claim. Since he was not foreclosed from litigating his claim in state court, this Court may not now review the issue. *Stone*, 428 U.S. at 494, 96 S. Ct. at 3052.

Trial court allowed constructive amendment to indictment

Petitioner next claims that the trial court erred by allowing the state to "constructively amend" the indictment. Specifically, he states:

> The state constructively amended the indictment in this case when it introduced expert testimony about the profile of a drug courier and the approximate street value of the controlled substance. This testimony gave the jury the impression that Petitioner was a drug dealer or courier, and he was not charged with either offense. This allowed the jury to convict him of an offense he was not charged with and lightened the states' burden of proving its case.

Petitioner was indicted for possession of a controlled substance. He was convicted for the same offense. Accordingly, the trial court did not allow a "constructive amendment" to the indictment.

Furthermore, to the extent that he asserts the trial court erred in overruling his objections to the admission of the testimony, it has already been established that such evidence was admissible. In sum, to prevail on this claim, Petitioner would have to show that the error was a crucial, critical, and highly significant factor that rendered the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168. He has failed to do so, and this issue is without merit.

Trial court failed to properly instruct jury

Next, Petitioner claims that the trial court erred in failing to instruct the jury as to why he was handcuffed during voir dire. As shown above, a trial court may restrain a defendant to maintain order in the courtroom. *Allen*, 397 U.S. at 343-44, 90 S. Ct. at 1061. However, Petitioner presents no evidence that the jury was aware that he was handcuffed. He was cuffed out of the presence of the jury, no statements were made pointing out this fact, and nothing in the record shows that any member of the jury was aware of the cuffs. Furthermore, the state habeas court found that Petitioner "was seated in a manner where it was not evident to the jury panel that he was handcuffed." *Ex parte Liberto*, Application No. 68,004-01, at *512. Petitioner has failed to show how the trial court's failure to instruct the jury concerning the handcuffs rendered the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168. He has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>Trial court's overruling of objection concerning chain of custody</u>

According to Petitioner, the trial court also erred in overruling his objection to the admission of the 1500 pills found in his car because he believes that conflicting testimony regarding the chain of custody was sufficient to sustain the objection. A review of the record shows that trial counsel for Petitioner objected to the relevance of drugs because the chain of custody was not properly shown. The objection was overruled because, in Texas, proof of the chain of custody goes to the weight of the evidence – not its admissibility. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App.) *cert. denied* 522 U.S. 917 (1997). Evidence concerning the chain of custody has nothing to do with the relevance of the evidence. Petitioner has failed to show how the trial court's overruling of his objection concerning the chain of custody rendered the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168. Accordingly, this issue is without merit.

<u>Trial court's failure to give proper notice of trial</u>

Petitioner claims that he was "blind-sided" by the trial date, which prevented him from putting on a defense. A review of the record shows that trial was initially set for February 28, 2005, which was entered on October 20, 2004. A hearing was held on March 4, 2005 concerning Petitioner's motion to suppress evidence. At that hearing, the trial judge stated that the trial would occur sometime in April. It began on April 25, 2005. Petitioner claims that the trial judge said it would begin in the middle or late May. A review of the record shows that the trial judge said, "I've got a short month in April. Let's set it the third case after those first two." Petitioner has failed to show that his trial as a whole was fundamentally unfair. *Bailey*, 744 F.2d at 1168.

Furthermore, Petitioner fails to identify what testimony would have been elicited had he been provided "proper" notice. The claim is conclusory, and conclusory claims are insufficient to entitle

a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Moreover, the state habeas court held that Petitioners actions prior to jury "were a conscious effort on his part to delay the trial, disrupt the proceedings and avoid prosecution for this offense." *Ex parte Liberto*, Application No. 68,004-01, at *512. He has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

## Prosecutorial Misconduct

Petitioner next argues that the prosecutor engaged in misconduct in several instances. Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the

resulting conviction a denial of due process." *Id.* In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5ᵗʰ Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id.*

Comment on failure to testify

First, Petitioner claims that the prosecutor commented on his failure to testify. Counsel for Petitioner had argued that the jury should act "morally" before convicting Petitioner for possession of a drug that was being used for a "medicinal purpose," when the State had not contradicted his assertion that the drug was actually possessed by his "slow" brother. The prosecutor asked where the evidence, witnesses, or documents were to support such a claim. The prosecutor's statement was in rebuttal to counsel's claim concerning "medicinal purpose." A prosecutor may respond in rebuttal to arguments by defense, even though such a response might not otherwise be permissible. *United States v. Saenz*, 747 F.2d 930, 939 (5ᵗʰ Cir. 1984).

Moreover, the state habeas court found that, "At no time during the proceeding did the prosecution . . . comment on [Petitioner's] failure to testify during the guilt/innocence phase of the trial." Petitioner has failed to show that the adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1]Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id.*

proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>"Highly inflammatory and prejudicial remarks"</u>

Petitioner contends that the prosecutor made "highly inflammatory and prejudicial remarks." The comments about which he complains are a description of Petitioner on a video and the three questions discussed above posed to the police officers concerning the "suspicious" behavior of Petitioner. As shown above, Petitioner fails to show how these comments made his trial fundamentally unfair. Also, the state habeas court considered these claims and rejected them, finding that "the State never attempted to introduce inadmissible or highly inflammatory evidence during trial." *Ex parte Liberto*, Application No. 68,004-01, at *511. Petitioner has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>Expert testimony of drug courier</u>

This issue has also been discussed above. Petitioner claims that the prosecutor engaged in improper conduct by questioning an expert witness about the profile of a "mule or drug courier." It has already been determined that this evidence was properly before the trial court. It is not prosecutorial misconduct as the testimony was permissible and relevant to the State's case. It has also been determined that the discussion did not constructively amend the indictment. Additionally, the state habeas court found that the testimony relating to the profile of a drug courier was

"admissible based on the facts of this case." *Ex parte Liberto*, Application No. 68,004-01, at *511. Admissibility of evidence is a state law issue, and Petitioner has not shown a federal constitutional violation. This issue is without merit.

## Impartial Jury

Petitioner claims that he was denied a fair and impartial jury based on the facts already discussed above. He has failed, however, to present evidence of an impartial jury. The one biased juror – juror number 23 – was struck for cause. He has not shown that any other jurors shared juror number 23's bias. He has also failed to show that any jury member saw that he was handcuffed during voir dire. The state habeas court specifically found that there is no evidence that a juror saw the cuffs on Petitioner. *Ex parte Liberto*, Application No. 68,004-01, at *512. These issues, for the reasons discussed previously, are without merit.

## Conclusion

In each of his ineffective assistance of counsel claims, Petitioner fails to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner also fails to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not met his burden of rebutting the presumption of correctness accorded to the trial court's factual findings. *Valdez*, 274 F.3d at 947 (trial court's factual findings are entitled to a presumption of correctness unless the

petitioner can rebut the presumption with clear and convincing evidence to the contrary).

Consequently, the petition for a writ of habeas corpus should be denied and dismissed. It is therefore

      **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED** with prejudice. It is further

      **ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

      **SIGNED this 21st day of March, 2011.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE